**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00542-CR
_____

**GREG YOUNG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1424909**

---

## MEMORANDUM OPINION

Appellant Greg Young pleaded guilty to the offense of aggravated robbery with a deadly weapon and the State recommended punishment not to exceed 40 years' incarceration. During the hearing on the plea, appellant agreed that he was giving up his right to appeal. In accordance with appellant's plea bargain with the

State to cap punishment at 40 years, the trial court sentenced appellant to confinement for 40 years, a punishment that fell within the agreed punishment cap. The judgment of conviction contains the following statements: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Appellant filed a timely notice of appeal.

In a plea-bargain case in which the punishment assessed does not exceed the plea agreement, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after obtaining the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that agreement to punishment cap is plea bargain for purposes of Rule 25.2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (en banc) (same).

The trial court's certification of appellant's right to appeal states that the defendant waived the right of appeal and the certification is supported by the record. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez*, 183 S.W.3d at 680 ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).